UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AMANDA B[1].,

                Plaintiff,

v.                                                                                    CASE # 20-cv-01825

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ.<br>AMY C. CHAMBERS, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | PADMA GHATAGE, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] Plaintiff has also used the name Amanda Riley.

record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.  RELEVANT BACKGROUND

    A.  **Factual Background**

Plaintiff was born on January 10, 1981 and has at least a high school education. (Tr. 234, 241). Generally, plaintiff's alleged disability at the time of application was panic disorder, panic attacks, major depressive disorder, mood disorder, ADHD, posttraumatic stress disorder, asthma, migraines and acid reflux. (Tr. 233). Her alleged onset date of disability is September 18, 2017. (Tr. 241).

    B.  **Procedural History**

On September 18, 2017, plaintiff applied for a period of Supplemental Security Income Benefits (SSI) under Title XVI of the Social Security Act. (Tr. 214). Plaintiff's application was denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On September 6, 2019, plaintiff appeared before ALJ David Begley. (Tr. 55-88). On December 3, 2019, ALJ Begley issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 34-49). On October 14, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

    C.  **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since September 18, 2017, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: bipolar disorder, panic disorder with agoraphobia, history of alcohol use and cannabis use disorders, depressive disorder,

anxiety disorder, posttraumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD) and migraine headaches (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant should avoid concentrated exposure to extreme heat' to excessive noise and bright lights outside of normal office setting; to irritants such as fumes, odors, dust, gases, and poorly ventilated areas; and to hazardous machinery, unprotected heights, and open flames. The claimant could perform simple, routine, repetitive tasks in a low stress environment defined as being free of fast-paced production requirements, no hazardous conditions, and only occasional decision making required and only occasional changes in the work setting. The Claimant could tolerate occasional interaction with coworkers and supervisors. She should not have direct interaction with the general public.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on January 10, 1981 and was 36 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 18, 2017, the date the application was filed (20 CFR 416.920(g)).

(Tr. 34-49).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Argument

Plaintiff argues the ALJ erroneously evaluated the opinion evidence resulting in an RFC finding that was unsupported by substantial evidence. (Dkt. No. 9 at 2 [Pl's Mem. of Law]).

Additionally, plaintiff asserts the ALJ did not account for the episodic limiting effects of the combined impairments and the credibility determination by the ALJ was insufficient. (*Id*.).

## B. Defendant's Arguments

Defendant responds that the mental RFC is supported by the opinion evidence as well as other evidence of record. (Dkt. No. 10 at 10 [Def.'s Mem. of Law]). Furthermore, defendant asserts the ALJ properly incorporated all impairments, specifically migraine headaches, into the RFC. (*Id.* at 24).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.     ANALYSIS

Plaintiff essentially argues the ALJ should have found the opinions of Dr. Dave and Nurse Practitioner (NP) Kendra more persuasive and adopted their limitations in formulating the RFC. (Dkt. No. 9 at 15). However, in reaching his conclusions about plaintiff's mental RFC, the ALJ appropriately considered the record as a whole, including other medical opinion evidence. 20 C.F.R. § 416.945; SSR 96-8p. Plaintiff has failed to satisfy the burden of proving she is entitled to a more restrictive RFC than that found by the ALJ. *Burgess v. Astrue*, 537 F.3d at 128 (the plaintiff bears the burden of proving her case at steps one through four).

As an initial matter, the ALJ appropriately applied the new set of regulations for evaluating medical evidence when discussing the opinion evidence. *See, e.g.,* 20 C.F.R. § 416.920c. Notably, the Commissioner chose not to retain the "treating source rule" that could require deference to treating source opinion evidence. 82 Fed. Reg. at 5853. While the ALJ must articulate his consideration of all medical opinions, the new regulations no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (*e.g.*, a requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. § 416.927(c)(2) (2016) and 20 C.F.R. § 416.927(c)(2) (2017) *with* 20 C.F.R. § 416.920c(b) (2017). Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using the following five factors: (1) Supportability; (2) Consistency; (3) Relationship with the claimant (which includes: (i) Length of the treatment relationship; (ii) Frequency of examinations; (iii) Purpose of the treatment relationship; (iv) Extent of the treatment relationship; and (v) Examining relationship); (4) Specialization; and (5) Other factors. 20 C.F.R. §§ 416.920c(a)-(c) (2017). Under the new regulations, the ALJ must explain in his decision how persuasive he finds medical source's medical

opinions and/or prior administrative medical findings based on the most important factors of supportability and consistency. 20 C.F.R. § 416.920c(b)(2)(2017).

### A. NP Kendra Opinion

NP Kendra opined plaintiff was unable to meet competitive standards or had no useful ability to function in many aspects of mental functioning and would miss more than four days of work a month due to her mental impairments. (Tr. 46-47, *see* Tr. 415-20). The ALJ appropriately considered the factors of supportability and consistency and found the assessment overly restrictive and not persuasive. (Tr. 46). The ALJ specifically cited to plaintiff's conservative treatment with no psychiatric hospitalizations and mental status examinations with only some problems noted. (Tr. 46-47; *see generally*, Tr. 362-419, 423-77, 691-97). Plaintiff is incorrect in stating it was improper for the ALJ to diminish the persuasiveness of NP Kendra's opinion because of plaintiff's treatment regimen and exam findings. (Dkt. No. 9 at 20).

Contrary to plaintiff's arguments, the ALJ also appropriately considered the opinions from Drs. Fabiano and Brown in formulating the RFC, thereby supporting the RFC with substantial evidence. With respect to plaintiff's mental impairments, Dr. Fabiano opined:

> Plaintiff has no limitation in her ability to use reason and judgment to make work-related decisions, sustain an ordinary routine and regular attendance at work, maintain personal hygiene and appropriate attire, and have awareness of normal hazards and take appropriate precautions. She has mild limitations in the ability to understand, remember, and apply simple directions and instructions, and moderate limitations in the ability to interact adequately with supervisors, coworkers, and the public, sustain concentration and perform a task at a consistent pace, and regulate emotions, control behavior, and maintain well-being. (Tr. 353).

The ALJ assigned Dr. Fabiano's opinion with "some persuasiveness" because the overall record suggested plaintiff had additional mental limitations. (Tr. 46). *See McLeod v. Berryhill*, Case No. 1:17-CV-00262, 2018 WL 4327814, at *3 (W.D.N.Y. Sept. 11, 2018) (consultative examiner's

opinion supported RFC finding, noting that "'the fact that the ALJ's RFC assessment did not perfectly match [an examining medical source]'s opinion, and was in fact more restrictive than that opinion, is not grounds for remand.'"). Nevertheless, the opinion of a consultative examiner may constitute substantial evidence in support of an ALJ's decision. *See, e.g., Grega v. Saul*, 816 F. App'x 580, 582–83 (2d Cir. 2020) *citing Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983).

The mental RFC is also supported by the prior administrative medical findings of state agency psychologist D. Brown, PsyD, who opined that plaintiff should be capable of simple work in a low contact environment. (Tr. 115). Similar to consultative examiners, State agency medical consultants are considered highly qualified and experts in Social Security disability evaluations. *See* 20 C.F.R. § 416.913a(b)(1); *see e.g. Cur v. Comm'r of Soc. Sec.*, No. 19-CV-01039, 2020 WL 6488741, at *5 (W.D.N.Y. Nov. 4, 2020) (recognizing that the ALJ properly considered the opinion of a state agency psychological consultant when formulating the RFC). The ALJ again properly considered the factors of supportability and consistency in finding the opinion persuasive. (Tr. 115). Plaintiff does not assert error in the ALJ's consideration of the opinions from Drs. Fabiano or Brown and agrees it was within the ALJ's discretion to resolve genuine conflicts in the evidence. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).

Any argument by plaintiff that the ALJ should have recontacted NP Kendra is additionally unavailing. As the Second Circuit has noted, "[t]he mere fact that medical evidence is conflicting or internally inconsistent does not mean that an ALJ is required to recontact a treating physician. Rather, because it is the sole responsibility of the ALJ to weigh all medical evidence and resolve any material conflicts in the record where the record provides sufficient evidence for such a resolution, the ALJ will weigh all of the evidence and see whether it can decide whether a claimant

is disabled based on the evidence he has, even when that evidence is internally inconsistent." *Micheli v. Astrue*, 501 F.App'x 26, 29-30 (2d Cir. 2012) (ALJ properly determined he could render a decision based on 500-page record despite discrepancies in treating physician's opinion). Plaintiff also alludes to the ALJ not having all the mental health counseling notes but never identified those notes as missing at the hearing nor submitted anything further to the Appeals Council or this Court. (Dkt. No. 9 at 21). The record was complete and sufficient for the ALJ to reach a decision.

### B. Dr. Dave

Plaintiff next argues the ALJ improperly rejected the opinion of Dr. Dave and did not fully consider the limitations from her migraines. (Dkt. No. 9 at 21). In part Dr. Dave opined that plaintiff would have moderate to marked limitations for all activity transiently over half an hour to an hour due to severe migraines. (Tr. 357). ALJ Begley found the opinion not entirely persuasive, and references records from neurologist Dr. Singh with normal exam findings and improvement with medication to support his conclusion. (Tr. 45, 49). Plaintiff again incorrectly asserts the ALJ was not permitted to diminish the persuasiveness of a medical opinion based on treatment regimen. (*Id.*). Dr. Singh advised plaintiff to follow up in three to four weeks after her August 2017 appointment but she did not return until May 2018. (Tr. 642). Accordingly, the ALJ considered the infrequent treatment at odds with disabling limitations and did not include time off-task or missed days in the RFC. *See Nikki L. v. Saul*, No. 3:20-CV-934 (ATB), 2021 WL 4066530, at *6-8) (N.D.N.Y. Sept. 7, 2021) (upholding the ALJ's decision not to credit absence and time off task related limitations due to migraine headaches that were opined to by a physician, because of the claimant's infrequent treatment history and normal neurological examination results). Interestingly, while plaintiff argues the ALJ may not look to other records to determine the

persuasiveness of an opinion, plaintiff repeatedly cites to one treatment record in June 2018 in support of her argument that Dr. Dave's opinion should have been adopted in full. (Dkt. No. 9 at 23).

While plaintiff concedes that the treatment regimen and migraine frequency varied, she contends that prior to diminishing an opinion for non-compliance it was the ALJ's duty to consider whether her mental health conditions affected her ability to appreciate the need to comply with treatment. (Dkt. No. 9 at 24, 29). Plaintiff's argument focuses on the off-task allotment and unscheduled absences. (Dkt. No. 9 at 26). Plaintiff cites a plethora of case law but fails to identify any evidence of record beyond the opinions of Dr. Dave and NP Kendra, which were previously discussed in this opinion and found to be appropriately considered by the ALJ, to support her argument. Similarly, the plaintiff claims the credibility determination was based on a misconstruction of the record but does not identify what the ALJ misconstrued. (Dkt. No. 9 at 28). Plaintiff has offered no evidence proving she was incapable of understanding the need for treatment or was unable to receive treatment.

The Second Circuit has made clear that it is the plaintiff who bears the burden of proving that her RFC is more restricted than that found by the ALJ, whereas the Commissioner need only show that the ALJ's decision was supported by substantial evidence in the record. *Poupore v. Astrue,* 566 F.3d 306 (2d Cir. 2009). Plaintiff has not introduced any evidence showing that she was not able to perform work commensurate with the ALJ's RFC finding, or that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. Therefore, remand is not warranted.

ACCORDINGLY, it is

      **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is

      **DENIED**; and it is further

      **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 10) is

      **GRANTED**.


Dated: November 17, 2022            *J. Gregory Wehrman*
Rochester, New York               HON. J. Gregory Wehrman
                                                   United States Magistrate Judge